BENTLEY P. STANSBURY III, CASB No. 229102
bentley.stansbury@kyl.com
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, California 90802
Telephone:   (562) 436-2000
Facsimile:    (562) 436-7416

DAVID Y. LIVSHIZ (*pro hac vice to be filed*)
david.livshiz@freshfields.com
HENRY V. HUTTEN (*pro hac vice to be filed*)
henry.hutten@freshfields.com
GRACE W. BRODY (*pro hac vice to be filed*)
grace.brody@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone:   (212) 277-4000
Facsimile:    (212) 277-4001

*Attorneys for Netgear Inc. and Netgear Deutschland GmbH*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | CASE NO.: <br><br> **DECLARATION OF HENRY V. HUTTEN IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Pursuant to 28 U.S.C. § 1746, I, Henry Hutten, an attorney admitted to practice in the State of New York, declare as follows:

    1.    I am an attorney with Freshfields Bruckhaus Deringer US LLP, counsel to Netgear Inc. and Netgear Deutschland GmbH (together, "Netgear").  I am

-1-

1  familiar with the facts set forth in this declaration from personal knowledge and documents that I have reviewed.

2.  I submit this declaration in support of Netgear's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings. This Application relates to two pending legal proceedings in Germany (the "German Proceedings") that are described fully in the declaration of Stephan Dorn, which is being filed contemporaneously with this declaration.

3.  According to its most recent Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1924 (Form 10-Q), the "Principal Executive Offices" of Qualcomm Incorporated ("Qualcomm") are located at 5775 Morehouse Drive, San Diego, CA 92121, United States.  *See* Qualcomm Inc. Quarterly Report (Form 10-Q) (May 3, 2023), *available at* https://investor.qualcomm.com/financial-information/sec-filings (last visited May 12, 2023); *see also* Qualcomm, Headquarters, https://www.qualcomm.com/contact (last visited May 12, 2023) (listing Qualcomm's "Headquarters" at this address).

4.  Attached hereto as Exhibit A is the form of a proposed subpoena seeking documents from Qualcomm for Netgear's use in the German Proceedings.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of June 2023, in New York, NY.

_____
Henry V. Hutten

-2-

DECLARATION OF HENRY V. HUTTEN IN SUPPORT OF *EX PARTE* APPLICATION OF NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS <br> *Plaintiff* <br> v. <br><br> *Defendant* | ) ) ) ) Civil Action No. ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Qualcomm Incorporated

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: The Offices of Keesal, Young & Logan<br>400 Oceangate<br>Long Beach, CA 90802 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Netgear Inc. and Netgear Deutschland GmbH , who issues or requests this subpoena, are:
Bentley P. Stansbury III, 400 Oceangate, Long Beach, CA 90802, bentley.stansbury@kyl.com, (562) 436-2000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Schedule A

# SCHEDULE A

PLEASE TAKE NOTICE that pursuant to the Order of the United States District Court for the Southern District of California in the above-captioned miscellaneous proceeding, the attached Subpoena, and Fed. R. Civ. P. 45, Qualcomm Incorporated is required to produce and permit inspections of the following within 14 days of being served with this subpoena (the "Subpoena"):

## I. DEFINITIONS

Notwithstanding any definitions set forth below, each word, term, or phrase used in the Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. Applicants shall mean Netgear and Netgear Deutschland, each as defined below.

2. "Document" or "Documents" shall have the same meaning of those terms as set forth in Rules 34(a) and 45 of the Federal Rules of Civil Procedure.

3. "Huawei" shall mean Huawei Technologies Co., Ltd., a Chinese corporation, including any of its past and/or present representatives, agents, employees, attorneys, predecessors, successors, parents, subsidiaries, affiliates, general partners, limited partners, members and/or any other person acting on its behalf.

4. "Huawei Patents" shall mean the following European Patent ("EP") Applications: (i) EP 3 337 077 ("EP 077"), titled "*Wireless local area network information transmission method and apparatus,*" filed by Huawei on August 31, 2016; and (ii) EP 3 143 741 ("EP 741"), titled "*Method and transmitter for orthogonal frequency division multiple access (OFDMA) resource allocation,*" filed by Huawei on June 12, 2015.

5. "Netgear" shall mean Netgear Inc., a Delaware corporation, including any of its past and/or present representatives, agents, employees, attorneys, predecessors, successors, subsidiaries, affiliates, general partners, limited partners, members and/or any other person acting on its behalf.

6. "Netgear Deutschland" shall mean Netgear Deutschland GmbH, a German corporation, including any of its past and/or present representatives, agents, employees, attorneys, predecessors, successors, parents, subsidiaries, affiliates, general partners, limited partners, members and/or any other person acting on its behalf.

7. "Qualcomm" shall mean Qualcomm Inc., a Delaware corporation, including all of its corporate locations and any of its past and/or present representatives, agents, employees, attorneys, predecessors, successors, subsidiaries, affiliates, general partners, limited partners, members and/or any other person acting on its behalf.

8. "Related," "related to," "regarding," or "concerning" shall mean in whole or in part constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, showing, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

9. "You" or "Yours" shall mean Qualcomm and any of Qualcomm's agents, assigns, representatives, officers, directors, employees, parents, divisions, subsidiaries, or affiliates, or anyone acting or purporting to act on behalf of Qualcomm.

## II.   INSTRUCTIONS

In addition to the specific instructions set forth below, these document requests (the "Document Requests") incorporate the instructions set forth in Fed. R. Civ. P. 26, 34, and 45 and the Local Rules of this Court.

1. These Document Requests require You to produce all responsive Documents or information in Your possession, custody or control, from all files that contain responsive, non-privileged Documents and information, by whomever created, wherever located, and whether active, in storage, or otherwise, including all originals and non-identical copies of each Document, and including all Documents and things in the possession, custody, or control of Your agents, of any person purporting to act as Your agent, or of any business entity that You own or control.

2. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Document Requests any Documents that might otherwise be construed to be outside their scope.

3. The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these Document Requests any Documents that might otherwise be construed to be outside their scope.

4. The terms "and" or "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

5. The terms "all", "any", and "each" shall each be construed as encompassing any and all.

6. When the Document Requests provide specific examples of the types of Documents they call for, these examples are illustrative and are not meant to limit the full scope of any particular Document Request.

7. If any portion of any Document is responsive to any Request, the entire Document must be produced, including all attachments and enclosures.

8. All grounds for an objection to a Document Request must be stated with specificity.

9. Whenever any Document that is or would have been required to be produced pursuant to these Document Requests has been destroyed, lost, given to another person not now subject to Your control, or otherwise cannot be produced, set forth the contents of the Document, the date of destruction, loss, or other disposition, the name of the person who ordered or authorized such destruction, loss, or disposition or otherwise has knowledge thereof, identify the Document fully, and produce any other Documents concerning the destroyed Document, including without limitation all Documents that refer to the destroyed Document.

## III.   CLAIMS OF PRIVILEGE

If any of the Document Requests herein are objected to, whether in whole or in part, on the ground that the information sought is privileged, You are requested to produce those portions of such Documents and/or information as to which no privilege is claimed. With respect to each Document or portion of a Document or item of information for which a privilege is claimed:

    a.   identify the privileged Document or information;

    b.   state the general subject matter of the Document;

    c.   state the date, all addressee(s) or recipient(s), including but not limited to any "cc's or bcc's, all author(s) or initiator(s) of such Document or information, and any other person that reviewed, or had an opportunity to review, the Document or information;

  d. state specifically the exact privilege claimed, together with such facts as will enable the Applicants and Court to determine the merit of the claim of privilege.

## IV. DOCUMENTS REQUESTED

You are requested to produce for inspection and copying the following Documents from the files in Your possession, custody, or control:

  1. Any agreement between Qualcomm and Huawei regarding any patents, including but not limited to the Huawei Patents, along with any amendments, side letters, or ancillary agreements or Documents. This request includes but is not limited to (i) any "long-term, global patent license agreement that contains a cross license granting rights to certain of Huawei's patents" concluded between Qualcomm and Huawei on or around July of 2020 (the "July 2020 Agreement"),[1] along with any side letters, or ancillary agreements or Documents; and (ii) any agreement between Qualcomm and Huawei regarding any patents, including but not limited to the Huawei Patents, that existed before, after or contemporaneously with the July 2020 Agreement,[2] along with any amendments, side letters, or ancillary agreements or Documents.

---

[1] *See* Qualcomm Inc. Annual Report (Form 10-K) at 38 (Nov. 4, 2020).

[2] *See, e.g., id.* (referencing a "license agreement" between Qualcomm and Huawei "that expired on December 31, 2019).

      2.      Documents sufficient to show the termination or continued application of any agreement referenced in the previous Request.