BENTLEY P. STANSBURY III, CASB No. 229102
bentley.stansbury@kyl.com
KEESAL, YOUNG & LOGAN
400 Oceangate
Long Beach, California 90802
Telephone:  (562) 436-2000
Facsimile:  (562) 436-7416

DAVID Y. LIVSHIZ (*pro hac vice*)
david.livshiz@freshfields.com
HENRY V. HUTTEN (*pro hac vice*)
henry.hutten@freshfields.com
GRACE W. BRODY (*pro hac vice*)
grace.brody@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone:  (212) 277-4000
Facsimile:  (212) 277-4001

Attorneys for Applicants
NETGEAR INC. and NETGEAR DEUTSCHLAND GmbH

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | CASE NO.: 3:23-MC-00794-BLM<br><br>**NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH'S REPLY MEMORANDUM IN FURTHER SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Applicants NETGEAR INC. and NETGEAR DEUTSCHLAND GmbH (collectively "Netgear"), by and through their undersigned attorneys, respectfully submit this Reply Memorandum in Further Support of their *Ex Parte* Application for an Order Pursuant To 28 U.S.C. § 1782 To Obtain Discovery For Use In Foreign Proceedings (the "Application"). Dkt. No. 1.[1]

---

[1] References to a "Dkt. No." or "Dkt. Nos." that are unaccompanied by a case caption are to the electronic docket numbers in the above-captioned miscellaneous proceeding.

Netgear filed the Application on June 14, 2023. Through the Application, Netgear requested an order "authorizing Netgear to serve Qualcomm Incorporated ("Qualcomm") with the subpoena" attached as Exhibit A to the Declaration of Henry V. Hutten, as well as an order "directing Qualcomm to produce the documents requested in the subpoena." Dkt. No. 1 at 1–2; Dkt. No. 1-1 at 19–20. The Court issued an order on June 22, 2023 (the "June 22 Order") directing Qualcomm to respond to Netgear's request for "an order pursuant to 28 U.S.C. § 1782 granting leave to *obtain* discovery from Qualcomm Incorporated for use in two foreign litigation proceedings." Dkt. No. 9 at 1 (emphasis added).[2]

On August 18, 2023, Qualcomm filed its response stating that it "does not oppose Netgear's 1782 Application." Dkt. No. 15 at 1. However, in this response, Qualcomm still purports to "reserv[e] the right to," *inter alia*, "make objections to and challenge the substance of Netgear's discovery requests," and "move to quash the subpoena." *Id.* While Netgear agrees with Qualcomm that it should be authorized to serve its proposed subpoena, the June 22 Order required Qualcomm to respond to Netgear's request to "obtain discovery" and not just to Netgear's request to propound discovery. Dkt. No. 9 at 1. Qualcomm's attempt to "reserve[e]" its rights to object to the scope of the subpoena, or to move to quash the same—without any attempt to explain why Netgear's proposed subpoena is improper—fails to meet this requirement.

Given that Qualcomm had nearly two months to comply with the June 22 Order,[3] it would be inefficient, unfair, dilatory and unduly prejudicial to Netgear to require a further round of briefing in the form of a motion to compel or quash when the

---

[2]   The June 22 Order required Qualcomm to respond by July 24, 2023. On July 19, 2023, Netgear and Qualcomm jointly requested that this deadline be extended to allow the parties to "narrow the issues and potentially reach a mutually acceptable resolution to the Application." Dkt. No. 13 at 2. The Court granted this joint motion on July 21, 2023. Dkt. No. 14 at 1.

[3]   Qualcomm filed its response to the Application 57 days after the June 22 Order.

scope-of-discovery issues about which Qualcomm purports to reserve its rights should have been addressed in a single round of briefing as required by the June 22 Order. This is especially true since, on August 11, 2023, Huawei Technologies Co. Ltd. ("Huawei") filed papers appealing the Dusseldorf Regional Court's decision to dismiss Huawei's lawsuit alleging infringement of European Patent EP 3 143 741 and, on August 14, 2023, the German appellate court ordered Netgear to respond to the substance of Huawei's appeal by October 31, 2023. Netgear needs a chance to review any documents produced by Qualcomm in advance of that deadline. *See* Dorn Reply Decl. ¶¶ 4–5.[4]

Nevertheless, in the interests of judicial efficiency, and in light of the upcoming deadline in Germany, Netgear respectfully requests that the Court promptly authorize it to serve Qualcomm with the subpoena attached as Exhibit A to the Declaration of Henry V. Hutten (Dkt. No. 1-2 at Ex. A)—relief which Qualcomm does not oppose. *See* Dkt. No. 15 at 1. While Netgear does not currently seek a ruling that Qualcomm has waived its rights to object to the scope of this subpoena, Netgear reserves all rights to do so if Netgear and Qualcomm are unable to timely resolve any disputes regarding the subpoena.

DATED: August 30, 2023

/s/ BPS
_____
BENTLEY P. STANSBURY III
KEESAL, YOUNG & LOGAN

DAVID Y. LIVSHIZ (*pro hac vice*)
HENRY V. HUTTEN (*pro hac vice*)
GRACE W. BRODY (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP

Attorneys for Applicants
NETGEAR INC. and NETGEAR DEUTSCHLAND GmbH

---

[4] References to the "Dorn Reply Decl." are to the Declaration of Stephan Dorn in Support of Netgear's Reply Memorandum in Further Support of the Application, which is being filed contemporaneously with this memorandum.