UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 USC 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No.:   23MC794-BLM<br><br>**ORDER GRANTING NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCVOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>**[ECF NO.1]** |

On June 14, 2023, Petitioners Netgear Inc. and Netgear Deutschland GmbH filed an *ex parte* application requesting an order pursuant to 28 U.S.C. § 1782 granting leave to obtain discovery from Qualcomm Incorporated ("Qualcomm"). ECF No. 1-1 at 5. Specifically, Netgear Inc. and Netgear Deutschland GmbH "seek an order pursuant to 28 U.S.C. § 1782 [] to obtain discovery from Qualcomm Incorporated [] for use in two foreign litigation proceedings [] in the Dusseldorf Regional Court in the Federal Republic of Germany." Id.  The case was referred to Magistrate Judge Bernard G. Skomal on the same day. ECF No. 2. On June 20, 2023, Magistrate Judge Bernard G. Skomal recused from the case and it was referred to Magistrate Judge Barbara Major.  ECF No. 8.

On June 22, 2023, the Court issued an Order Requiring Response directing Qualcomm to

file a response by July 24, 2023 and Netgear Inc. and Netgear Deutschland GmbH to file any reply by July 31, 2023.  ECF No. 9.

On July 21, 2023, the Court granted the parties joint motion to extend time to respond.  ECF No. 14.

On August 18, 2023, Qualcomm filed its response to Petitioners Netgear Inc. and Netgear Deutschland GmbH's *ex parte* application.  ECF No. 15.  Qualcomm states that it

> does not oppose Netgear's 1782 Application, but respectfully does so without conceding that it has anything responsive or relevant to produce and reserving the right to (1) make objections to and challenge the substance of Netgear's discovery requests, including objections under Federal Rule of Civil Procedure 45, (2) seek a Protective Order governing the treatment of Qualcomm's confidential information in the event Qualcomm has any responsive or relevant materials to produce and (3) move to quash the subpoena.

Id. at 2.

On August 30, 2023, Petitioners Netgear Inc. and Netgear Deutschland GmbH filed a Reply in Further Support of *Ex Parte* Application.  ECF No. 16.  Petitioners state that they agree with Qualcomm that Petitioners should be permitted to serve their subpoena but note that their request was for an order to "obtain discovery" not just to serve a subpoena and that Qualcomm's attempt to reserve its rights in its response failed to properly respond to Petitioners' motion.  Id. at 2.  Petitioners argue that any future briefing such as a motion to compel or motion to quash would be "inefficient, unfair, dilatory and unduly prejudicial to" Petitioners and that Qualcomm should have raised any such issues in their response as ordered by the Court.  Id. at 2-3.  Petitioners note that they need the discovery at issue in time to respond to the pending appeal in the German appellate court.  Id.  Petitioners therefore request "that the Court promptly authorize it to serve Qualcomm with the subpoena attached as Exhibit A to the Declaration of Henry V. Hutten (Dkt. No. 1-2 at Ex. A)—relief which Qualcomm does not oppose" but note that they reserve the right to "seek a ruling that Qualcomm has waived its rights to object to the scope of this subpoena . . . if Netgear and Qualcomm are unable to timely resolve any disputes regarding the subpoena."  Id. at 3.

After reviewing the motion and considering Qualcomm's response and Petitioners' reply, Petitioners Netgear Inc. and Netgear Deutschland GmbH's motion is **GRANTED**. Netgear may serve Qualcomm with a subpoena substantially in the form of Exhibit A to the Hutten Declaration [see ECF No. 1-2 at 3-14] and Qualcomm must respond to the subpoena within fourteen days of service of the subpoena unless otherwise agreed to by the parties.

**IT IS SO ORDERED**.

Dated: 8/31/2023

Hon. Barbara L. Major
United States Magistrate Judge