BENTLEY P. STANSBURY III, CASB No. 229102
bentley.stansbury@kyl.com
**KEESAL, YOUNG & LOGAN**
400 Oceangate
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

DAVID Y. LIVSHIZ (*pro hac vice*)
david.livshiz@freshfields.com
HENRY V. HUTTEN (*pro hac vice*)
henry.hutten@freshfields.com
GRACE W. BRODY (*pro hac vice*)
grace.brody@freshfields.com
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

*Attorneys for Netgear Inc. and Netgear Deutschland GmbH*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No.: 23MC794-BLM<br><br>**NOTICE OF ERRATA TO JOINT MOTION FOR STIPULATED PROTECTIVE ORDER** |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that on October 16, 2023, NETGEAR INC, NETGEAR DEUTSCHLAND GMBH and QUALCOMM LIMITED (collectively,

the "Parties") filed a Joint Motion for Stipulated Protective Order ("Joint Motion"). Through administrative error, the exhibit to the Joint Motion was inadvertently omitted.  Accordingly, attached hereto as Appendix 1 is a corrected copy of the Parties' Joint Motion for Stipulated Protective Order, with the attached exhibit thereto.

DATED: October 16, 2023                    Respectfully submitted,


                                           */s/ Bentley P. Stansbury, III*

                                           Bentley P. Stansbury, III
                                           Keesal, Young & Logan

                                           David Y. Livshiz (*pro hac vice*)
                                           Henry V. Hutten (*pro hac vice*)
                                           Grace W. Brody (*pro hac vice*)
                                           Freshfields Bruckhaus Deringer US LLP

                                           *Attorneys for Applicants*
                                           *Netgear Inc. and Netgear Deutschland GmbH*

NOTICE OF ERRATA TO JOINT MOTION FOR STIPULATED
PROTECTIVE ORDER - CASE NO. 23MC794-BLM
KYL4863-1316-4936.1

# APPENDIX 1

BENTLEY P. STANSBURY III, CASB No. 229102
bentley.stansbury@kyl.com
**KEESAL, YOUNG & LOGAN**
400 Oceangate
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

DAVID Y. LIVSHIZ (pro hac vice)
david.livshiz@freshfields.com
HENRY V. HUTTEN (pro hac vice)
henry.hutten@freshfields.com
GRACE W. BRODY (pro hac vice)
grace.brody@freshfields.com
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

*Attorneys for Applicants Netgear Inc. and Netgear Deutschland GmbH*

DAVID A KAYS, (SBN 120798)
dkays @mffmlaw.com
DONNWASLIF (SBN 164538)
dwaslif@mffmlaw.com
FREEDA Y. LUGO (SBN 244913)
flugo@mffmlaw.com
**MORGAN FRANICH FREDKIN SIAMAS & KAYS LLP**
333 W. San Carlos St., Ste. 1050
San Jose, California 95110
Telephone:  (408) 288-8288
Facsimile:  (408) 288-8325

*Attorneys for Respondent Qualcomm Limited*

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
CASE NO. 23MC794-BLM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

IN RE: EX PARTE APPLICATION OF
NETGEAR INC. AND NETGEAR
DEUTSCHLAND GMBH FOR AN
ORDER PURSUANT TO 28 U.S.C.
§ 1782 TO OBTAIN DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS

Case No.: 23MC794-BLM

**JOINT MOTION FOR
STIPULATED PROTECTIVE
ORDER**

On June 14, 2023, petitioners Netgear Inc. and Netgear Deutschland GmbH (together, the "**Applicants**") commenced the above-captioned miscellaneous proceeding by filing an *ex parte* application pursuant to 28 U.S.C. § 1782 for leave to serve a subpoena (the "**Subpoena**") on respondent Qualcomm Incorporated (the "**Respondent**," and, along with the Applicants, the "**Parties**").  The Subpoena seeks the production of documents for the Applicants' use in connection with litigation proceedings between the Applicants and Huawei Technologies Co., Ltd ("**Huawei**"), which are pending in Germany.

On August 30, 2023, the Court entered an order authorizing the Applicants to serve the Subpoena on the Respondent. *See* Dkt. No. 17.  The Applicants did so on the same day.

The Subpoena seeks the production of documents that may contain confidential, proprietary, or private information.  As a result, and after meeting and conferring, the Parties jointly and respectfully request that the Court so-order the Proposed Stipulated Protective Order that is attached hereto as **Exhibit A**, which governs the use of discovery material that is produced in connection with the above-captioned miscellaneous proceeding, and provides protections for certain confidential

1    or proprietary information for which protection from public disclosure may be

2    warranted.   The Proposed Order is tailored to extend only to information that is

3    entitled to confidential treatment under applicable legal principles.

4

5    DATED: October 16, 2023                    Respectfully submitted,

6

7                                               /s/ *Bentley P. Stansbury, III*

8

9                                               Bentley P. Stansbury, III
                                                **KEESAL, YOUNG & LOGAN**

10                                              David Y. Livshiz (pro hac vice)

11                                              Henry V. Hutten (pro hac vice*)*
                                                Grace W. Brody (pro hac vice)

12                                              **FRESHFIELDS BRUCKHAUS DERINGER
                                                US LLP**

13

14                                              *Attorneys for Applicants*

15                                              *Netgear Inc. and Netgear Deutschland
                                                GmbH*

16

17

18                                              /s/ *Donn Waslif*

19

20                                              David A. Kays (SBN 120798)
                                                dkays @mffmlaw.com

21                                              Donn Waslif (SBN 164538)
                                                dwaslif@mffmlaw.com

22                                              Freeda Y. Lugo (SBN 244913)
                                                flugo@mffmlaw.com

23                                              **MORGAN FRANICH FREDKIN
                                                SIAMAS & KAYS**

24

25                                              *Attorneys for Respondent*

26                                              *Qualcomm Incorporated*

27

28

JOINT MOTION FOR STIPULATED PROTECTIVE ORDER
CASE NO. 23MC794-BLM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SIGNATURE CERTIFICATION

I hereby certify that the content of this document is acceptable to Donn Waslif, counsel for Respondent Qualcomm Incorporated, and that I have obtained Mr. Waslif's authorization to affix his electronic signature to this document as required by section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedural Manual.


/s/ *Bentley P. Stansbury, III*

**KEESAL, YOUNG & LOGAN**
400 Oceangate
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

*Attorney for Applicants Netgear Inc.*
*and Netgear Deutschland GmbH .*

# EXHIBIT A

1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9
     **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   IN RE: EX PARTE APPLICATION OF          CASE NO.: 23-MC-794-BLM
     NETGEAR INC. AND NETGEAR
12   DEUTSCHLAND GMBH FOR AN                 **[PROPOSED] PROTECTIVE
     ORDER PURSUANT TO 28 U.S.C.             ORDER**
13   § 1782 TO OBTAIN DISCOVERY
     FOR USE IN FOREIGN
14   PROCEEDINGS
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court having reviewed the Joint Motion for Protective Order submitted by petitioners Netgear Inc. and Netgear Deutschland GmbH (together, the "**Applicants**") and Respondent Qualcomm Incorporated ("Qualcomm") and finding good cause therefore, IT IS HEREBY ORDERED THAT: The Motion is granted and the parties are ordered to comply with the terms of the provisions herein.

### A.    Definitions

1.    "Material" means all information, documents, testimony, and things produced, served, or otherwise provided in this action or one or more of the Foreign Actions.

2.    "Confidential Information" means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3.    The "Foreign Actions" means the following legal proceedings initiated by Huawei Technologies Co., Ltd ("Huawei") against Applicants: (a) a patent infringement action regarding European Patent ("EP") 3 337 077 B1, docket number 4c O 8/22, pending before the Dusseldorf Regional Court in the Federal Republic of Germany, involving allegations that Applicants infringed certain patents held by Huawei relating to Wi-Fi technology, (b) a patent infringement action regarding EP 3 143 741 B1, docket number 4c O 9/22, pending before the Dusseldorf Regional Court in the Federal Republic of Germany involving allegations that Applicants infringed certain patents held by Huawei relating to Wi-Fi technology, and (c) any appeals from either of the aforementioned proceedings.

4.    "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" material means the information, documents, and things subpoenaed by Applicants in this proceeding that Qualcomm believes in good faith constitute or incorporate Qualcomm's Confidential Information.

5.    "Party" means Applicants Netgear Inc. and Netgear Deutschland GmbH, including all of its respective officers, directors, employees, consultants, retained

experts, and Counsel of Record (and their support staff). In addition to Applicants, this definition shall also include Huawei in the Foreign Actions, including all of its respective officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staff), to the extent each such person or entity returns to Qualcomm and Applicants an executed copy of the "Acknowledgment and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A.

6.    "Authorized Reviewer(s)" means persons authorized to review "QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY" material in accordance with this Order.

7.    "Designated Qualcomm Material" means material that is designated "QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY" under this Order.

8.    "Counsel of Record" means attorneys for a Party who are not employees of a Party that have either (a) appeared in this action or (b) executed Exhibit A and either appeared in one or more of the Foreign Actions or been retained to represent or advise a Party in one or more of the Foreign Actions (including any necessary support personnel employed by the law firms of the attorneys described in this paragraph).

9.    "Outside Consultant" means a person with specialized knowledge or experience in a matter pertinent to one or more of the Foreign Actions who has been retained by Counsel of Record or a Party to serve as an expert witness or consultant in one or more of the Foreign Actions (including any necessary support personnel of such person to whom disclosure is reasonably necessary for one or more of the Foreign Actions), and who is not a current employee of a Party, of a competitor of a Party, or of Non-Party Qualcomm, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of (a) a Party, (b) a competitor of a Party, or (c) a competitor of Qualcomm.

10.    "Producing Party" means Qualcomm.

11.    "Receiving Party" means a Party that receives Designated Qualcomm Material in this action or in one or more of the Foreign Actions.

12.     "Professional Vendors" means persons or entities that provide support services in this action or one or more of the Foreign Actions (*e.g.*, court reporting, photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstratives; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in one or more of the Foreign Actions, and who are not current employees of a Party, of a competitor of a Party, or of Non-Party Qualcomm, and who, at the time of retention, are not anticipated to become employees of (a) a Party, (b) a competitor of a Party, or (c) a competitor of Qualcomm. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with one or more of the Foreign Actions to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.     Scope**

13.     Material produced in this action that includes Qualcomm's Confidential Information shall contain the legend "QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY" on each page of the Material. A Receiving Party may use Designated Qualcomm Material only for prosecuting, defending, or attempting to settle or otherwise resolve this action or one or more of the Foreign Actions. Designated Qualcomm Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Foreign Actions have been terminated, a Receiving Party must comply with the provisions of Section I below ("Final Disposition").

14.     The protections conferred by this Order cover not only Designated Qualcomm Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. This Order shall not prevent a disclosure to which Qualcomm consents in writing before that disclosure takes place.

C.    **Challenges to Qualcomm's Designation**

15.    The Applicants may, at any time prior to Final Disposition, object in writing to Qualcomm's designation of material it produces in this proceeding as "QUALCOMM — OUTSIDE ATTORNEYS' EYES ONLY" if they have a good faith basis to believe that it does not constitute Qualcomm's Confidential Information.

16.    Within seven (7) business days after receipt of a written challenge, which sets forth in detail the basis for the challenge, Qualcomm must advise the Applicants whether it will change the designation.

17.    If Qualcomm and Applicants are unable to reach agreement after the expiration of this seven (7)-day period, they shall meet and confer in an attempt to resolve the matter.  If they cannot resolve the issue, the Applicants may seek an order from this Court to alter the status of the Designated Qualcomm Material.  While any such motion or request is pending, the Material shall remain Designated Qualcomm Material, and it will continue to be protected by this Order during such time.

D.    **Access To Designated Qualcomm Material**

18.    Designated Qualcomm Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures, to the greatest extent possible, that access is limited to the persons authorized under this Order.

19.    Unless otherwise ordered by the Court or permitted in writing by Qualcomm, a Party may disclose Designated Qualcomm Material only to:

a.    Persons who appear on the face of the Designated Qualcomm Material as an author, addressee, or recipient thereof, or persons who are a corporate representative of a company that appears on the face of the Designated Qualcomm Material;

b.    Counsel of Record who have signed the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A;

[PROPOSED] PROTECTIVE ORDER
CASE NO. 23-MC-794-BLM

c.    Any party (and its counsel and employees) that, by virtue of the law applicable to the Foreign Action(s), is required to have access to Material that is filed with the court(s) presiding over the Foreign Actions, provided such persons have signed the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A;

d.    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for one or more of the Foreign Actions, and who have signed the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

e.    This Court and the courts presiding over the Foreign Actions, including such courts' personnel (*e.g.*, attorneys, court representatives, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist these courts in their functions, including any person appointed by a court to provide expert assistance in relation to technical issues in dispute) provided however, that when disclosing Designated Qualcomm Material to this Court or the courts presiding over the Foreign Actions, the Applicants must comply with the terms of paragraphs 23 and 24 below, as applicable;

f.    Professional Vendors to whom disclosure is reasonably necessary for one or more of the Foreign Actions, and a representative of which has signed the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A; and

g.    Any mediators or arbitrators, including their necessary staff, engaged by the Applicants (either on their own, or jointly with any other party to the Foreign Actions) to help settle or resolve the Foreign

5

Actions, provided that such mediators or arbitrators to the Foreign Action have signed the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A.

h.     The Parties will provide Qualcomm with copies of all signed "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A and "Certification of Consultant" attached hereto as Exhibit B within 10 business days of their execution.

20.     Absent a court order or agreement of Qualcomm, Designated Qualcomm Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff, unless otherwise permitted herein.

21.     The Parties acknowledge that Designated Qualcomm Material also may be subject to the US government export control and economic sanctions laws, including (1) the Export Administration Regulations ("EAR," 15 CFR 730 *et seq.*, http://www.bis.doc.gov/) administered by the Department of Commerce, Bureau of Industry and Security, and (2) the Foreign Asset Control Regulations (31 CFR 500 *et seq.*, http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties may not directly or indirectly export, re-export, transfer, or release (collectively, "Export") any Designated Qualcomm Material to any destination, person, entity, or end use prohibited or restricted under US law without prior US government authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the countries listed in Country Groups E: 1/2 of the EAR (Supplement 1 to part 740). Export controlled information disclosed in this action will be used only for the purposes of this action and the Foreign Actions. Counsel of Record or other individuals authorized to receive Export Controlled Information will not disclose, export, or transfer, in any manner, Export Controlled Information to any foreign person except as permitted by U.S. law.

22.    Absent written permission from Qualcomm, an order of this Court, or unless disclosure is made pursuant to paragraphs 23 or 24 below, persons not permitted access to Designated Qualcomm Material under the terms of this Protective Order shall not be present while Designated Qualcomm Material is discussed or otherwise disclosed. All proceedings shall be conducted in a manner, subject to the supervision of the applicable court, to protect Designated Qualcomm Material from disclosure to persons not authorized to have access to such Designated Qualcomm Material. Any Party intending to disclose or discuss Designated Qualcomm Material must give advance notice to Qualcomm. To the extent that this provision is inconsistent with the procedural law governing one or more of the Foreign Actions, the Party intending to disclose or discuss Designated Qualcomm Material shall, in connection with the Foreign Action: (a) provide Qualcomm with notice of the nature and extent of such inconsistency, (b) comply with the provisions of this Order to the extent permissible under applicable procedural law, and (c) formally request that the court hearing the Foreign Action restrict third party access to Designated Qualcomm Material to the greatest extent permissible under applicable law.

23.    If a Party files or submits Designated Qualcomm Material with any court presiding over the Foreign Actions, the Party shall give advance notice to Qualcomm, and make all reasonable efforts to ensure that access to such Material is accorded the maximum level of protection available under applicable law so that access to Designated Qualcomm Material is restricted to only those identified in paragraph 19 above).

24.    If the Applicants file or submit any Designated Qualcomm Material in the above-captioned action, the Applicants shall coordinate in good faith with Qualcomm to ensure that such Material is accorded the maximum level of protection available under applicable law, including by seeking to file such Designated

Qualcomm Material under seal.[1]  When filing Designated Qualcomm Material in this action, the Applicants comply with their obligations in this paragraph if they seek an order temporarily placing the Designated Qualcomm Material under seal until such time as Qualcomm has a reasonable opportunity to ask this Court to keep the Material under seal.

### E. Access By Outside Consultants

25.    <u>Notice</u>: If a Receiving Party wishes to disclose Designated Qualcomm Material to any Outside Consultant, the Receiving Party must, prior to the Outside Consultant being granted access to any Designated Qualcomm Material, provide notice to counsel for Qualcomm, which notice shall include: (a) the individual's name, business title, and country of citizenship; (b) the individual's business address; (c) the individual's business or profession; (d) the individual's curriculum vitae; (e) any previous or current relationship (personal or professional) with Qualcomm or any of the Parties to this action;

---

[1]    Pursuant to Rule VII of the Chambers Rules-Civil Cases of the Honorable Barbara Lynn Major, U.S. Magistrate Judge, before any Designated Qualcomm Material is filed with the Court in this action, the Party seeking to file such Material must seek permission of the Court to file the Material under seal.  No document may be filed under seal, *i.e.*, closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the Material is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the filer must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2.  In addition, in accordance with Hon. Judge Major's preferences, the filer must file a public version of any document that it seeks to file under seal. In the public version, the filer may redact only that information that is deemed Designated Qualcomm Material. The filer should file the redacted document(s) simultaneously with a joint motion or *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request, or requesting that the confidential portions of the document(s) be filed temporarily under seal until Qualcomm has a reasonable opportunity to file a motion or *ex parte* application demonstrating good cause for filing under seal.

(f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; and (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy (including technology at issue) or employment, the case name and information if the consultancy is litigation-related, along with a copy of (1) the "Acknowledgement and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A and (2) the "Certification Of Consultant" attached hereto as Exhibit B, each signed by that Outside Consultant. Nothing in this provision shall be construed to require the disclosure of any information that (i) is protected by any applicable privilege or protection from disclosure, or (ii) a Party is prohibited from disclosing by applicable law or by the Outside Consultant's confidentiality or other obligations, provided sufficient information is provided to Qualcomm in order to assess whether disclosure of Designated Qualcomm Material to the Outside Consultant poses undue risk to Qualcomm.

26.    <u>Objections</u>: With respect to Outside Consultants disclosed to Qualcomm pursuant to Paragraph 25 of this Order, Qualcomm shall have five (5) business days from receipt of notice and all of the information specified in Paragraph 25 of this Order to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than hand delivery or e-mail delivery). After the expiration of the 5-day (plus 3-day, if appropriate) period, if no objection for good cause has been asserted by Qualcomm, then Designated Qualcomm Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. Any objection by Qualcomm must be made for good cause, must set forth in detail the grounds on which it is based and must explain why the Outside Consultant is not authorized to receive Designated Qualcomm Material pursuant to the terms of this Order. Should Receiving Party disagree with the basis for the objection(s), Receiving Party and Qualcomm must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within ten (10) business days from the date upon which Receiving Party was first notified

of any objection(s) for good cause by Qualcomm, Receiving Party may seek relief in this action requesting that the objection(s) be quashed.    Qualcomm shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s).    Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection(s) for good cause by Receiving Party and Qualcomm, the Designated Qualcomm Material shall not be disclosed to the person objected to by Qualcomm.

**F.    Protected Material Subpoenaed or Ordered Produced in Other Litigation or the Foreign Actions**

27.    If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Qualcomm Material, Receiving Party must notify the Producing Party and Qualcomm of such information, documents, or things, in writing (by email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order.    Such notification must include a copy of the subpoena or order, if one exists.    Receiving Party also must, within five (5) business days after receiving the subpoena, inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must, within five (5) business days after receiving the subpoena, provide a copy of this Protective Order to the party in the action that caused the subpoena or order to issue.    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order, and to afford the Producing Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.    Producing Party shall bear the burdens and expenses of seeking protection of its Designated Qualcomm Material in that court.  Nothing in these provisions should be construed as authorizing or encouraging any Authorized Reviewer or Receiving Party to disobey a lawful directive from another court.

### G.    Unauthorized Disclosure of Designated Qualcomm Material

28.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Qualcomm Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party and Qualcomm of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Designated Qualcomm Material, (c) inform the person or persons to whom unauthorized disclosure(s) was made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound by the Protective Order" attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting any Producing Party's or Qualcomm's rights to seek remedies for a violation of this Protective Order.

### H.    Duration

29.    The confidentiality obligations imposed by this Protective Order shall remain in effect following the termination of this action, or until Qualcomm agrees otherwise in writing or a court order otherwise directs.

### I.    Final Disposition

30.    Unless otherwise ordered by this Court or agreed in writing by Producing Party, within sixty (60) days of the termination of the Foreign Actions, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, will destroy all Designated Qualcomm Material produced by Qualcomm or any other Party in this action, including any such Material that is maintained in the possession of any of its counsel or Outside Venders, as well as destroy or redact all work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence containing information from such Designated Qualcomm Material ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Producing Party with a

certification stating that it, including its outside counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated Qualcomm Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

### J.    Miscellaneous

31.    The Parties and Qualcomm agree that this Protective Order will be legally binding from the date upon which it is submitted to the Court for entry, in the form that it is submitted to the Court.

32.    This Protective Order is entered without prejudice to the right of any Party or Qualcomm to apply to this Court at any time for modification or amendment of this Protective Order. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time during these proceedings.

33.    All notices to Qualcomm required by this Protective Order shall be made to David Kays, Donn Waslif and Freeda Lugo, 333 West San Carlos Street, Suite 1050, San Jose, CA 95110, via email to dkays@mffmlaw.com, dwaslif@mffmlaw.com, and flugo@mffmlaw.com.


**IT IS SO ORDERED:**



DATED:


_____
Hon. Barbara L Major
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

BY THE PROTECTIVE ORDER

I,_____, declare and say that:

     1.    I am employed as _____ by

_____ .

     2.    I have read the Protective Order entered in *In re Ex Parte Application of Netgear Inc. and Netgear Deutschland GmbH*, Case No. 23-MC-794-BLM (S.D. Cal.), and have received a copy of and agree to be bound by the Protective Order.

     3.    I promise that I will use any and all "Designated Qualcomm Material" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

     4.    I promise that I will not disclose or discuss such "Designated Qualcomm Material" information with anyone other than the persons authorized under the Protective Order.

     5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

     6.    I understand that any disclosure or use of information designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

[Printed name]: _____

[Signature]: _____

## **EXHIBIT B**

### CERTIFICATION OF CONSULTANT

I,_____ , of _____

_____ declare and say that:

      1.    I am not an employee of the Party who retained me or of a competitor of any Party or Qualcomm and will not use any information, documents, or things that are subject to the Protective Order entered in *In re Ex Parte Application of Netgear Inc. and Netgear Deutschland GmbH*, Case No. 23-MC-794-BLM (S.D. Cal.), for any purpose other than one or more of the Foreign Actions and as permitted in the Protective Order.

      2.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

      3.    I understand that any disclosure or use of information designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

[Printed name]: _____

[Signature]: _____