1  BENTLEY P. STANSBURY III, CASB No. 229102
   bentley.stansbury@kyl.com
2  KEESAL, YOUNG & LOGAN
   400 Oceangate
3  Long Beach, California 90802
   Telephone:  (562) 436-2000
4  Facsimile:  (562) 436-7416

5  DAVID Y. LIVSHIZ (*pro hac vice*)
   david.livshiz@freshfields.com
6  HENRY V. HUTTEN (*pro hac vice*)
   henry.hutten@freshfields.com
7  GRACE W. BRODY (*pro hac vice*)
   grace.brody@freshfields.com
8  FRESHFIELDS BRUCKHAUS DERINGER US LLP
   601 Lexington Avenue, 31st Floor
9  New York, New York 10022
   Telephone:  (212) 277-4000
10 Facsimile:  (212) 277-4001

11 *Attorneys for Applicants Netgear Inc.
   and Netgear Deutschland GmbH.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

IN RE: *EX PARTE* APPLICATION OF NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

CASE NO.: 3:23-MC-00794-BLM

***EX PARTE* APPLICATION OF NETGEAR INC. AND NETGEAR GMBH TO MODIFY PROTECTIVE ORDER**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the Rule VIII of the Hon. Barbara Lynn Major's Chambers Rules-Civil Cases (the "**Chamber Rules**") and Civil Local Rule 83.3.g, Netgear Inc. and Netgear Deutschland GmbH (together, "**Netgear**") hereby apply to this Court *ex parte* for an order modifying the blanket protective order (the "**Protective Order**," or "**PO**," Dkt. No. 20)[1] in the above-captioned miscellaneous proceeding (the "**1782 Proceeding**") so that Netgear may use documents already produced by Qualcomm Incorporated ("**Qualcomm**") in a lawsuit (the "**UPC Proceeding**") pending in the local division of Unified Patent Court (the "**UPC**") in Munich, Germany. Netgear makes this *ex parte* application (the "**Application**") for good cause in light of its need to use these documents in its statement of defense in the UPC Proceeding, which must be filed by November 17, 2023.

This Application is based upon the information herein, the accompanying Declarations of Henry V. Hutten (the "**Hutten PO Decl.**") and Stephan Dorn (the "**Dorn PO Decl.**") in Support of Netgear's Application, and the accompanying Memorandum of Points and Authorities. As shown in those documents, Netgear has acted diligently in seeking modification of the Protective Order and, through no fault of its own, will suffer substantial prejudice if its Application is heard by regularly noticed motion procedures.

In particular, Netgear is a defendant in the UPC Proceeding, but was not served with the complaint for that Proceeding until August 7, 2023, *see* Dorn PO Decl. ¶ 9, nearly two months after it commenced this Section 1782 Proceeding on June 14, 2023 seeking discovery from Qualcomm pursuant to 28 U.S.C. § 1782 ("**Section 1782**") for use in two patent-infringement lawsuits pending against Netgear in the national courts of Germany (the "**German Proceedings**"). *See* Dorn PO Decl. ¶¶ 4-6. Thus, Netgear

---

[1] References to a "Dkt. No." or "Dkt. Nos." that are unaccompanied by a case captioned are to the ECF docket numbers in this 1782 Proceeding.

could not have requested to use Qualcomm's documents in the UPC Proceeding when it filed its original application (the "**1782 Application**").

This Court granted the 1782 Application on August 31, 2023, *see* Dkt. No. 17, and Netgear served a document subpoena (the "**1782 Subpoena**") on Qualcomm the same day. *See* Hutten PO Decl. ¶ 4 & Ex A. Qualcomm served its responses to the 1782 Subpoena on September 14, 2023, in which it agreed to produce certain responsive documents subject to a protective order. *See id.* ¶ 4 & Ex B at 3, 7, 8. From the outset of the negotiation of the stipulated Protective Order, Netgear informed Qualcomm that it sought to use in the UPC Proceeding the same documents that Qualcomm produced here. Qualcomm would not agree. *See id.* ¶ 5 & Ex. C at 1-2, 8-9.

In an effort to avoid burdening Qualcomm and this Court unnecessarily, Netgear agreed with Qualcomm's suggestion to stipulate to the current Protective Order (which does not allow Netgear to use Qualcomm's discovery material in the UPC Proceeding, *see* PO ¶¶ 3, 13) and to seek amendment of the Protective Order at a later date if necessary—with the potential agreement of Qualcomm. *See id.* ¶ 6 & Ex. C at 1. This way, Netgear would press its request to modify the Protective Order only if the documents Qualcomm produced were relevant to the UPC Proceeding. *See id.* ¶ 6.

Qualcomm did not produce documents until October 24, 2023, *see* Hutten PO Decl. ¶ 7 & Ex. D. at 10, a date that, on its own, would not have allowed Netgear to have this Application heard on a regularly noticed motion before its November 17, 2023 deadline to file its statement of defense in the UPC Proceeding. *See* Local Civil Rule 7.1(e)(1). Netgear diligently reviewed the documents produced by Qualcomm and informed Qualcomm on October 25, 2023—the day after Qualcomm produced documents—that Netgear still sought to use documents in the UPC Proceeding. *See* Hutten PO Decl. ¶ 7 & Ex. D at 7. Qualcomm informed Netgear on October 26, 2023 that it still would not agree. *Id.* ¶ 7 & Ex. D at 6-7. Despite Netgear's diligent and numerous attempts over the next 12 days to convince Qualcomm to agree to modify the Protective Order, Qualcomm has not changed its position. *See id.* at ¶ 7 & Ex. D at 2-6.

In light of the November 17, 2023 deadline to file its statement of defense in the UPC Proceeding, Netgear informed Qualcomm on November 7, 2023 that it believed that the parties were at an impasse, and that Netgear intended to seek court relief if the parties could not reach an agreement by November 8, 2023. *See id.* ¶ 8 & Ex. D at 2. On November 8, 2023, Netgear informed Qualcomm that it intended to file this *ex parte* Application on November 9, 2023. *See id.* ¶ 8 & Ex. D at 1.

As explained in the accompanying Memorandum of Points and Authorities and Dorn PO Declaration, the UPC Proceeding involves the same parties, concerns the same claims, is based on same facts, and is governed by similar law as the German Proceedings. *See* Dorn PO Decl. ¶¶ 9-10. As a result, certain of the discovery material that Qualcomm has produced for Netgear's use in the German Proceedings ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* ¶¶ 9-11.

But the Protective Order currently allows Netgear to submit documents produced by Qualcomm (and any information derived therefrom) only in this Section 1782 Proceeding and the German Proceedings. *See* PO ¶¶ 3, 13, 19.e, 23-24. Therefore, unless this Court is able to hear this Application and render an order before the November 17, 2023 deadline—which cannot happen on a regularly noticed motion—Netgear will be deprived of the opportunity to ▇▇▇▇▇▇▇▇▇▇ when it files its statement of defense in the UPC Proceeding. *See* Dorn Decl. ¶ 11.

As a result, Netgear is entitled to have this Application heard on an *ex parte* basis. *See Testone v. Barlean's Organic Oils, LLC*, 2020 U.S. Dist. LEXIS 95131, at *7 (S.D. Cal. May 29, 2020) (movant was entitled to be heard *ex parte* when, as here, it acted "expeditiously" and "addressed 'why the regular noticed motion procedures must be bypassed.'"); *Sleep No. Corp. v. Sizewize Rentals, LLC*, 2019 WL 12536127, at *1, *3 (C.D. Cal. Sept. 26, 2019) (movant was entitled to be heard *ex parte* when seeking to amend a protective order to use documents in collateral litigation when, as here, there was "no indication of gamesmanship or attempting to create tactical advantage" and the

"expedited timeline" of the collateral proceeding necessitated the *ex parte* process).

Netgear respectfully requests that the Court set a briefing schedule for this Application that will allow it to render a decision before November 17, 2023.

DATED: November 9, 2023

/s/ Bentley P. Stansbury, III
BENTLEY P. STANSBURY III
KEESAL, YOUNG & LOGAN

DAVID Y. LIVSHIZ (*pro hac vice*)
HENRY V. HUTTEN (*pro hac vice*)
GRACE W. BRODY (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP

*Attorneys for Applicants Netgear Inc. and Netgear Deutschland GmbH*