UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 USC 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No.: 23MC794-BLM<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

On November 9, 2023, Petitioners Netgear Inc. and Netgear Deutschland GmbH filed an *Ex Parte* Application to Modify Protective Order. ECF No. 23. Petitioners make the *ex parte* request "for good cause in light of its need to use these documents in its statement of defense in the UPC Proceeding, which must be filed by November 17, 2023." Id. at 2. That same day, in accordance with Judge Major's Chambers Rules[1], counsel for Respondent Qualcomm Incorporated informed that Court that Respondent needed additional time to respond to the motion.

"'*Ex parte* applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief.'" Shawarma

---

[1] Judge Major's Chambers Rules state that "After service of the *ex parte* application, opposing counsel will ordinarily be given until 5:00 p.m. on the next business day to respond. If more time is needed, opposing counsel must call the law clerk assigned to the case to request additional time." Chambers Rules (uscourts.gov).

1

23MC794-BLM

1  Stackz LLC v. Jwad, 2022 WL 529255, at *1 (S.D. Cal., Jan. 14, 2022) (quoting Langer v. McHale,
2  2014 WL 4922351, at *2 (S.D. Cal. Aug. 20, 2014) (quoting Clark v. Time Warner Cable, 2007
3  WL 1334965, at *1 (C.D. Cal. May 3, 2007)). "The 'opportunities for legitimate *ex parte*
4  applications are extremely limited.'" Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203,
5  1205 (C.D. Cal. 2013) (quoting In re Intermagnetics Am., Inc., 101 B.R. 191, 193 (C.D. Cal.
6  1989)). An *ex parte* application must demonstrate good cause to allow the moving party "to go
7  to the head of the line in front of all other litigants and receive special treatment." Mission
8  Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

9      The use of an *ex parte* procedure is justified only when: "(1) there is a threat of immediate
10 or irreparable injury; (2) there is danger that notice to the other party may result in the
11 destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order
12 that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or
13 shorten the time within which a motion may be brought)." Horne, 969 F. Supp. 2d at 1205
14 (citing Intermagnetics, 101 B.R. at 193). "[T]he moving party must show that ... it either did
15 not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a
16 result of excusable neglect." Al Otro Lado, Inc. v. Wolf, 2020 WL 8617490, at *1 (S.D. Cal. Dec.
17 7, 2020).

18     Additionally, Civil Local Rule 83.3.g(2) states that

19 A motion for an order must not be made ex parte unless it appears by affidavit or
20 declaration (1) that within a reasonable time before the motion the party informed
21 the opposing party or the opposing party's attorney when and where the motion
22 would be made; or (2) that the party in good faith attempted to inform the
23 opposing party and the opposing party's attorney but was unable to do so,
24 specifying the efforts made to inform them; or (3) that for reasons specified the
25 party should not be required to inform the opposing party or the opposing party's attorney.

26     The Court does not find that Petitioners Netgear Inc. and Netgear Deutschland GmbH
27 have met their burden of demonstrating that *ex parte* relief is appropriate. Petitioners' decision
28 to file a motion they knew would be contested, one week before they need a decision to meet

a deadline in a pending matter, does not constitute good cause for permitting *ex parte* relief. In addition, Petitioners do not claim there is a threat of immediate or irreparable injury, there is danger that notice to the other party may result in the destruction of evidence or the party's flight, or that they seek a routine procedural order that cannot be obtained through a regularly noticed motion. Despite these issues, the Court will accept Petitioners Netgear Inc. and Netgear Deutschland GmbH's motion. Qualcomm Incorporated must file its opposition to the motion on or before **November 22, 2023**. Petitioners Netgear Inc. and Netgear Deutschland GmbH must file any reply by **November 29, 2023**. Upon completion of the briefing, the Court will take the matter under submission pursuant to Civil Local Rule 7.1(d)(1) and no personal appearances will be required.

On November 9, 2023, Petitioners Netgear Inc. and Netgear Deutschland GmbH also filed a Motion to Seal Portions of Their *Ex Parte* Application to Modify Protective Order and Related Documents. ECF No. 21. Petitioners state that they seek to file certain documents under seal but take

> no position on whether these documents and/or portions thereof are properly designated as confidential by Qualcomm or should ultimately be filed under seal. Rather, Netgear files this Motion To Seal in order to comply with the Protective Order, and to fulfill its obligations to coordinate with Qualcomm so that Qualcomm is allowed to seek sealing of these documents if it wishes to do so.

Id. at 4-5. Because the basis for sealing the requested documents is unclear from Petitioners' motion, Qualcomm Incorporated must file a response to the Motion to Seal on or before **November 22, 2023**.

**IT IS SO ORDERED**.

Dated: 11/14/2023

Hon. Barbara L. Major
United States Magistrate Judge