UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF NETGEAR INC. AND NETGEAR DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 USC 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No.: 23MC794-BLM<br><br>**ORDER DENYING EX PARTE APPLICATION OF NETGEAR INC. AND NETGEAR GMHB TO MODIFY PROTECTIVE ORDER**<br><br>**[ECF NO. 23]** |

Currently before the Court is Petitioners Netgear Inc. and Netgear Deutschland GmbH's *Ex Parte* Application to Modify Protective Order [ECF No. 23. ("Mot.")], Respondent Qualcomm Incorporated's November 22, 2023 opposition to the motion [ECF No. 26 ("Oppo.")], and Petitioners' December 1, 2023 reply [ECF No. 34 ("Reply")]. For the reasons set forth below, Petitioners' motion is **DENIED**.

## PROCEDURAL BACKGROUND

On June 14, 2023, Petitioners Netgear Inc. and Netgear Deutschland GmbH filed an *ex parte* application requesting an order pursuant to 28 U.S.C. § 1782 granting leave to obtain discovery (license agreements between Qualcomm Incorporated and Huawei) from Qualcomm for use in two proceedings in the Dusseldorf Regional Court in the Federal Republic of Germany. ECF No. 1-1 at 5; see also Oppo. at 11.

On July 3, 2023, Huawei filed an action against Petitioners in the Unified Patent Court

("UPC"). Oppo. at 16. Petitioners were notified of the action that same day by the Presiding Judge but declined to accept service of the complaint via email. Id.; see also ECF No. 26-1, Declaration of David A. Kays In Support of Qualcomm's Opposition to Netgear's *Ex Parte* Application to Modify Protective Order ("Kays Decl.") at Ex. A. On August 7, 2023, Petitioners were served with the complaint from the UPC proceeding. Mot. at 6.

On August 18, 2023, Qualcomm filed its response to Petitioners' *Ex Parte* Application. ECF No. 15.

On August 30, 2023, Petitioners filed a Reply in Further Support of *Ex Parte* Application. ECF No. 16.

On August 31, 2023, the Court issued an Order Granting Netgear Inc. and Netgear Deutschland GMBH's *Ex Parte* Application. ECF No. 17.

On October 16, 2023, the parties filed a Joint Motion for Stipulated Protective Order. ECF No. 18. The Court granted the parties' motion on October 17, 2023. ECF No. 20. The order provides the methods and procedures the parties will use to protect Confidential Information. Id. The order defines key terms such as "Foreign Actions" which is defined as

> legal proceedings initiated by Huawei Technologies Co., Ltd ("Huawei") against Applicants: (a) a patent infringement action regarding European Patent ("EP") 3 337 077 B1, docket number 4c O 8/22, pending before the Dusseldorf Regional Court in the Federal Republic of Germany, involving allegations that Applicants infringed certain patents held by Huawei relating to Wi-Fi technology, (b) a patent infringement action regarding EP 3 143 741 B1, docket number 4c O 9/22, pending before the Dusseldorf Regional Court in the Federal Republic of Germany involving allegations that Applicants infringed certain patents held by Huawei relating to Wi-Fi technology, and (c) any appeals from either of the aforementioned proceedings.

Id. at 2. The order also discusses the scope of the protections, the method for challenging Respondent's confidentiality designations, the access permitted to Respondent's material including by outside consultants, protected material that is subpoenaed or ordered to be produced in other litigation or foreign actions, unauthorized disclosure of Respondent's materials, the duration of the obligations imposed by the protective order, and the final disposition of the protected materials produced in this action. Id. at 2-13. The order also notes that Respondent or any party can "apply to this Court at any time for modification or amendment

of" the order and that the Court may modify the terms and conditions of the order "for good cause, or in the interest of justice, or on its own order at any time during these proceedings." Id. at 13.

On November 9, 2023, Petitioners filed an *Ex Parte* Application to Modify Protective Order. ECF No. 23. On November 14, 2023, the Court issued an Order Setting Briefing Schedule finding that Petitioners did not meet their burden of demonstrating that *ex parte* relief is appropriate. ECF No. 25. On November 22, 2023, Qualcomm filed a timely opposition. Oppo. Petitioners filed their reply on December 1, 2023. ECF No. 34.

## THE GERMAN PROCEEDING

In the German action, which was initiated in March 2022, Huawei alleged Petitioners infringed two patents – EP 3 337 077 and EP 3 143 741 - that are essential to the Wi-Fi 6 standard. Mot. at 8. Specifically, Petitioners' access points implementing the Wi-Fi 6 standard infringed Huawei's patents. Id. On May 11, 2023, the German Court dismissed Huawei's complaint regarding EP 3 143 741. Id. Huawei appealed the decision to the Dusseldorf Higher Regional Court in the Federal Republic of Germany on August 11, 2023. Id. Petitioners filed their defense of the appeal on October 31, 2023. Id. As part of their defense, Petitioners submitted the 2020 License Agreement between Qualcomm and Huawei that Petitioners obtained through the instant matter. Id. Petitioners allege that the Agreement is "critical" to their defense of patent exhaustion. Id. at 9.

## THE UPC PROCEEDING[1]

In the UPC proceeding, Huawei is alleging that Petitioners infringed its patent – EP 3 611 989 - that relates to Wi-Fi 6. Mot. at 9; see also Oppo. at 16. The infringement involves Petitioners' access points that are also at issue in the German Proceeding. Id. at 9.

---

[1] "The [] (UPC) is a Court, comprising judges from all participating Member States of the European Union. It is set up to decide in particular on the infringement and validity of both Unitary Patents and classic European Patents. The UPC is a Court common to currently seventeen EU Member States for which the Agreement on a Unified Patent Court (UPCA) has entered into force on 1 June 2023." https://www.unified-patent-court.org/en.

**PETITIONERS' POSITION**

Petitioners seek an order "modifying the blanket protective order [] in the above-captioned miscellaneous proceeding [] so that Netgear may use documents already produced by Qualcomm Incorporated [] in a lawsuit [] pending in the local division of Unified Patent Court (the "UPC") in Munich, Germany."  Mot. at 5.  Petitioners argue that modification of the protective order is warranted under Ninth Circuit law as the documents at issue in this case are also relevant to the UPC case and Respondent will not be prejudiced or have its interests violated by the limited modification being sought.  Id. at 14-18.  Petitioners, however, will be greatly prejudiced if the modification request is not granted.  Id. at 16-18.  Petitioners also argue that Section 1782 favors modifying the protective order based on the merits of the statute (the elements of the statute are satisfied, and all discretionary factors favor granting the application) and the fact that Section 1782 does not prevent the subsequent use of discovery material obtained pursuant to Section 1782.  Id. at 20-24.

**RESPONDENT'S POSITION**

Respondent contends that Petitioners' motion should be denied.  Oppo. at 11.  Respondent asserts that (1) this Court no longer has subject matter jurisdiction to modify the protective order, (2) Petitioners are prohibited from using the confidential agreements at issue outside of the German actions, and (3) the section 1782 proceeding has ended.  Id. at 19-24.  Respondent also contends that Petitioners' motion is governed by Section 1782, not law pertaining to the modification of protective orders and that the mandatory requirements under Section 1782 do not support modification of the protective order.  Id. at 24-31.  Specifically, the agreements being sought are not "for use" in the UPC action because they are not relevant to the UPC action and the agreements constitute trade secrets which are not discoverable under Section 1782.  Id. at 27-28.  Respondent further contends that the discretionary requirements under Section 1782 do not support modification of the protective order because the discovery at issue is available from Huawei in the UPC action and modifying the protective order would cause an undue burden on Respondent who is not a party to the UPC action to protect the confidentiality of its documents.  Id. at 28-31.  Respondent notes that even under the standard

of law governing the modification of protective orders, Petitioners fail to make the required showing of good cause. Id. at 30-31.

## PETITIONERS' REPLY

Petitioners reply that (1) this Court does have the authority to modify the protective order, (2) Section 1782 does not restrict the subsequent use of material obtained under the statute, (3) Ninth Circuit precedent applies and favors modification as evidenced by the fact that the agreement at issue is extremely relevant, modification of the protective order will not prejudice Respondent, and Petitioners will "suffer substantial prejudice without modification" of the protective order, and (4) Section 1782 strongly favors modifying the protective order. Id. at 6-15.

## LEGAL STANDARDS

A. 28 U.S.C. § 1782 Application

A district court may grant an application under 28 U.S.C. § 1782, and order the production of non-privileged documents or testimony for use in a foreign legal proceeding, when: 1) the person from whom the discovery is sought resides in the district to which the application is made; 2) the discovery is for use in a proceeding before a foreign tribunal; and, 3) the applicant is a foreign or international tribunal or "interested person." 28 U.S.C. § 1782(a); Intel Corp. v. Advanced Micro Devices, 542 U.S. 241, 246-47 (2004). Notwithstanding satisfaction of the statutory criteria, a district court is not required to grant an application under 28 U.S.C. § 1782. Intel, 542 U.S. at 246. The Court retains discretion to determine what discovery, if any, should be granted. Id. When exercising its discretion, a Court should consider:

> "(1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and, (4) whether the subpoena contains unduly intrusive or burdensome requests."

In re 2770095 Ontario, Inc., 2022 WL 183443, at *1 (N.D. Cal., Jan. 20, 2022) (quoting Intel Corp., 542 U.S. at 264-65).

B. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003)

A collateral litigant seeking to modify a protective order must demonstrate the relevance of the protected discovery being sought to the collateral proceedings and the general discoverability of the discovery therein. Id. at 1132. The Court must "weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." Id. at 1133. Reliance will be less with a blanket [protective] order, because it is by nature overinclusive." Id. (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 475 (9th Cir.1992)). "Reliance on a blanket protective order in granting discovery and settling a case, without more, will not justify a refusal to modify." Id.

C. Modification of Protective Orders Generally

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c) does not refer to modification of protective orders, however, case law recognizes that a protective order may be modified for good cause shown or vacated altogether. See Protective orders, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(III)-C (citing Osband v. Woodford, 290 F3d 1036, 1039 (9th Cir. 2002) ("A party subject to a protective order is generally free to return to the issuing court to seek modification of the order."). District courts have authority to grant a motion to modify a protective order where good cause is shown. See CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citing Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)). The party asserting good cause has the burden to show that specific prejudice or harm will result if the motion is not granted. Id. at 1210–11.

**DISCUSSION**

A. Jurisdiction

Petitioners argue that the Court has the authority to modify the Protective Order. Mot. at 13. Respondent contends that the Court no longer has subject matter jurisdiction to modify the Protective Order as jurisdiction is terminated once the subpoenaed party complies with the discovery order. Oppo. at 19-24.

The Court finds that it has jurisdiction and the ability to decide whether to modify the Protective Order. Initially, the Protective Order itself states that "[t]his Protective Order is entered without prejudice to the right of any Party or Qualcomm to apply to this Court *at any time* for modification or amendment of this Protective Order" and "[t]he Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time *during these proceedings*." ECF No. 20 at 13 (emphasis added). These proceedings technically ended on August 31, 2023 when the case was closed. See Docket. However, activity in the case continued after August 2023, including entry of the protective order on October 17, 2023. ECF No. 20.

Next, contrary to Respondent's contention, CPC Patent Technologies Pty Ltd. v. Apple, Inc., 34 F.4th 801 (9th Cir. 2022) does not stand for the proposition that the Court loses jurisdiction as soon as the Section 1782 motion is decided. CPC Patent found that a magistrate judge's order denying an application under 28 U.S.C. § 1782 is dispositive, and therefore subject to *de novo* review by the district court, because the order denies the only relief sought by the applicant. Id. at 807. Once the Section 1782 case is decided, the decision is still considered to be final even if later ancillary issues are raised such as a motion to quash or a request to clarify the subpoena's scope. Id. at 809.

Accordingly, the Court will consider Petitioners' request.

B. Modification of the Protective Order – Section 1782

The mandatory Section 1782 factors are met. The application is being made in the Southern District of California where Respondent resides, the sought after discovery is for use in a proceeding before the UPC, and Petitioners, the applicants, are interested persons. Despite this, the Court has the discretion to determine whether the request should be granted. Intel, 542 U.S. at 246. Here, the Court finds that the relevant factors do not support amending the protective order. Initially, discovery is available in the UPC action. Mot. at 17-18; see also Oppo. at 28-29. Petitioners argue that since Respondent is not a party to the UPC action, the UPC cannot order Respondent to produce the documents being sought and that while Huawei is a party to the UPC proceeding and presumably has the documents at issue, it is unclear if the

UPC would issue the necessary order and "there is doubt about whether the UPC—a newly constituted tribunal whose jurisdiction extends only to EU member states—could enforce an order requiring Huawei, which is in China, to produce this document." Mot. at 22. Petitioners' argument is mere speculation. Petitioners have not attempted to obtain the discovery from Huawei in the UPC proceeding. They have not determined that Huawei does not possess the desired discovery, that Huawei will not produce the desired discovery, or that the UPC tribunal cannot or will not compel Huawei to produce the discovery. Rather, Petitioners speculate that they might be unsuccessful and therefore seek to circumvent the UPC process by accessing this Court's procedures. Petitioners have not demonstrated that the desired discovery is unavailable in the UPC proceeding and the Court therefore finds that the first factor weighs in favor of denying the motion.

The second and third factors also weigh against modifying the protective order. Because the UPC is a new entity, it is unclear how the UPC views section 1782 evidence or how receptive it is to U.S. federal-court jurisdictional assistance. It also is unclear how the UPC will view Petitioners' attempt to obtain the evidence by modifying the protective order in this Court rather than by utilizing the available UPC procedures to obtain the desired discovery from the UPC party opponent, Huawei.

Finally, Respondent seeks to protect its trade secrets and expresses its concerns about its ability to do so via a modified protective order in this court. Oppo. at 29-30. The burden of protecting those secrets should not be placed on Respondent, a non-party to the UPC action, nor should it be placed upon this court, a foreign tribunal. Rather this burden should be shouldered by Petitioners, Huawei, and the UPC tribunal. There are significant differences between the UPC tribunal and the German courts involved in the initial section 1782 request that may negatively impact the protection of Respondent's trade secrets. For example, the UPC court records are open to the public and while there are procedures in the UPC court for handling confidentiality concerns, those procedures should be undertaken by Petitioners and Huawei through UPC discovery. If this Court modified the protective order entered in this case, the burden of policing the confidentiality compliance in the UPC proceedings may shift to

Respondent, who is not a party to the proceedings, and potentially to this Court. This scenario is not an efficient manner to handle the discovery process and creates an undue burden on Respondent and this Court. Thus, the Court finds that the fourth discretionary factor favors denying Petitioners' motion.

After considering all of the relevant factors and finding they weigh against Petitioners' request, the Court finds that Section 1782 does not support Petitioners' motion.

C. Modification of the Protective Order – Generally

The Court finds that Petitioners have not demonstrated sufficient good cause for modification of the protective order under the Federal Rules of Civil Procedure. The protective order in this case was tailored to protect specific agreements that were provided to Petitioners to use in litigation regarding two patents at issue in German courts where discovery is not permitted. Petitioners now seek to modify the protective order to allow them to use the same documents in a totally different court – a court that has its own discovery process - for different patents. Petitioners do not provide an adequate explanation for their reluctance to partake in the discovery process provided by the UPC. Petitioners argue that because there is doubt as to whether the newly created UPC would issue a document production order against Huawei and whether it could enforce such an order if it did, Petitioners are at risk of not being able to use the documents in the UPC proceeding. Mot. at 17-18. Petitioners' speculation regarding how the UPC may or may not handle a hypothetical discovery request is not good cause for modifying the protective order. The Court notes that this same argument regarding the newness of the UPC lends support to Respondent's position that because the UPC is new, it is unclear that its policies and practices surrounding confidential documents will provide sufficient protection for Respondent's trade secrets.

Petitioners also have not carried their burden of showing that specific prejudice or harm will result if the motion is not granted and instead focus on their position that modifying the protective order will not prejudice Respondent. Petitioners state that a denial of the protective order modification will result in a "needless waste of resources" because Petitioners would have to engage in discovery in the UPC proceeding, however, the Court does not find that the

standard costs of litigation constitute a substantial prejudice or harm for Petitioners. And again, Petitioners' speculation about how the UPC discovery procedures may or may not work does not constitutes good cause to circumvent them.

### D. Modification of the Protective Order – Foltz v. State Farm Mut. Auto. Ins. Co.

Petitioners argue that Foltz is the appropriate standard for evaluating the request to modify the protective order. Mot. at 14. Respondent contends that Foltz along with other cases cited by Petitioners involves the modification of protective orders in US litigation for discovery that will be used in a US court which does not extend to cases involving foreign discovery and Section 1782. Oppo. at 25. Petitioners respond that the Fed. R. Civ. P. govern because Section 1782 is silent on later uses of discovery obtained under the statute and Section 1782 seeks to provide efficient assistance to participants in international litigation. Reply at 8.

The Court is not persuaded by the cases cited in Petitioners' motion supporting Petitioners' position that Foltz is the appropriate standard. As Respondent points out, the cases replied upon by Petitioners do not involve Section 1782 or foreign proceedings. Oppo. at 24-25. Oracle Corp. v. SAP AG, which does involve foreign proceedings, involved the modification of a protective order to be reviewed by plaintiff's foreign counsel and not for use in foreign litigation. 2010 WL 545842, at *3 (N.D. Cal. Feb. 12, 2010). Even if Foltz is the appropriate standard, Petitioners' motion still fails.

As discussed above, Petitioners have not established the relevance of the protected discovery to the UPC proceeding, whether the protected discovery is available and discoverable in the UPC proceeding, and whether the desired discovery is duplicative. The instant Protective Order governs documents produced by Respondent for use in specific German courts for disputes involving two identified patents. In contrast, Petitioners seek to expand the Protective Order to a new foreign court involving different patents. The Court finds that Foltz does not govern this motion and, even if it did, it does not support modifying the Protective Order as requested by Petitioners.

### CONCLUSION

Petitioners' motion is **DENIED**. The Court will not modify the protective order to permit

1 | the use of the Section 1782 discovery in the UPC proceedings.
2 | **IT IS SO ORDERED**.
3 | Dated:  1/30/2024

Hon. Barbara L. Major
United States Magistrate Judge